UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JEREMY TIDMORE,            ) | |
|                            ) | |
| Petitioner,   ) | |
| v.                         ) | No. 1:09-cv-624-DFH-TAB |
|                            ) | |
| THOMAS HANLON, Superintendent, ) | |
|                            ) | |
| Respondent.   ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), revised several of the statutes governing federal habeas relief. *Williams v. Taylor,* 529 U.S. 362, 404 (2000). One such revision amended 28 U.S.C. § 2244 to include a one-year statute of limitations for state prisoners seeking federal habeas relief. Issuance of the writ Jeremy Tidmore seeks in relation to his 1992 Grant County convictions for conspiracy to commit robbery and for felony murder can be considered, therefore, only if timely filed. Because he has not made such a showing, his petition for a writ of habeas corpus must be **denied.**

Tidmore's direct appeal, and his conviction became final, prior to the April 23, 1996, effective date of the AEDPA. *Tidmore v. State,* 637 N.E.2d 1290 (Ind. 1994). A one-year grace period applies to petitioners whose convictions were final prior to the effective date of the AEDPA. *Lindh v. Murphy,* 96 F.3d 856, 866 (7th Cir. 1996) (en banc), *reversed on other grounds,* 521 U.S. 320 (1997). That describes Tidmore's situation. He therefore had through April 24, 1997, in which to file his federal habeas petition. See *Fernandez v. Sternes,* 227 F.3d 977, 978 (7th Cir. 2000).

Tidmore's federal habeas petition, signed on May 11, 2009, and filed with the clerk eight days later, was therefore not timely filed–having been filed more than 12 years after the statute of limitations expired. Tidmore filed a petition for post-conviction relief on November 3, 2004. By that time, however, the federal habeas statute of limitations had long since expired. The fact that the Indiana state courts continued to act on petitions for post-conviction relief is of no consequence here. *Teas v. Endicott,* 494 F.3d 580 (7th Cir. 2007) (the fact that the state courts entertained a collateral attack on prisoner's conviction more than one year after the expiration of the one year time limit does not "re-start" the statute of limitations under 28 U.S.C. § 2244(d)). Tidmore has not disputed the respondent's argument or the facts on which it is based.

On the basis of the foregoing, Tidmore's filing of the present action was brought far beyond the prescribed one-year statute of limitations and must be denied. Judgment consistent with this Entry shall now issue.

So ordered.

_David F Hamilton_

DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Date: October 9, 2009